UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MARK C. SCOTT and ROBERT GRAY SCOTT,<br><br>    Appellants,<br><br>    v.<br><br>ZURICH AMERICAN INSURANCE COMPANY et al.,<br><br>    Appellees. | District Court Case No. 2:12-cv-02896-TLN<br><br>Bankruptcy Court Case No. 11-36226<br><br>Adversary Proceeding No. 11-02662<br><br>**ORDER** |

This matter is before the Court on a Motion for Remand and Request for Special Notice by debtors and appellants Mark C. Scott and Robert Gray Scott ("Appellants"). (ECF No. 9.) Appellees Zurich American Ins. Co., American Guarantee and Liability Ins. Co., and American Zurich Ins. Co. oppose the motion. (Appellees' Opp'n Mot. Remand, ECF No. 17.)[1]

During the pendency of Appellants' appeal, the United States Supreme Court decided *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754 (2013), on May 13, 2013. In *Bullock*, the Supreme Court effectively abrogated Ninth Circuit law, which formerly did not require any particular state of mind to except a debt from discharge based on fiduciary defalcation under 11 U.S.C. § 523(a)(4). Under *Bullock*, the Supreme Court interpreted 11 U.S.C. § 523(a)(4) to

---

[1] Because oral argument will not be of material assistance, the Court hereby submits this motion on the briefs and vacates the hearing date of August 8, 2013. *See* E.D. CAL. L.R. 230(g).

1

1  require a specific subjective state of mind.  *Id.* at 1757 ("We hold that [defalcation] includes a
2  culpable state of mind requirement akin to that which accompanies application of the other terms
3  in the same statutory phrase. We describe that state of mind as one involving knowledge of, or
4  gross recklessness in respect to, the improper nature of the relevant fiduciary behavior.").  The
5  Ninth Circuit Bankruptcy Appellate Panel has remanded at least one action to be reconsidered in
6  light of *Bullock*.  *See In re Borsos*, BAP No. EC-12-1163 MkDJu, 2013 WL 2480657, at *1
7  (B.A.P. 9th Cir. June 10, 2013) (unpublished) (remanding action to bankruptcy court based on
8  Supreme Court's intervening decision in *Bullock*); *see also In re Pemstein*, 492 B.R. 274, 276–77
9  (B.A.P. 9th Cir. 2013) (remanding action and instructing bankruptcy court to "be mindful of the
10  Supreme Court's recent decision in *Bullock*").

11       Therefore, it is HEREBY ORDERED that this action is REMANDED to the United States
12  Bankruptcy Court, Eastern District of California, for further proceedings as may be appropriate
13  pursuant to the Supreme Court's decision in *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754
14  (2013).

15       **IT IS SO ORDERED.**
16       Dated:  August 6, 2013

Troy L. Nunley
United States District Judge

2